IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

LAWRENCE DALE SPIDLE, )
Register No. 528654, )
 )
               Plaintiff, )
 )
               v. )     No. 05-4126-CV-C-NKL
 )
MISSOURI PROBATION AND PAROLE )
BOARD, )
 )
             Defendant. )

## ORDER

On June 8, 2005, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on June 16, 2005. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's allegations that he meets the parole eligibility requirements, yet is being denied immediate parole, in violation of his rights under the Eighth and Fourteenth Amendments, fail to state a claim on which relief may be granted. Denial of parole does not implicate a prisoner's health or safety; therefore, plaintiff's allegations that denial of parole constitutes cruel and unusual punishment fail to state a claim. *See Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990) (to be an Eighth Amendment violation, a defendant's actions must be deliberately indifferent to either the health or safety of a prisoner).

Moreover, allegations of denial of conditional release/parole also fail to state a claim under the Fourteenth Amendment. Missouri prisoners do not have a liberty interest in conditional release/parole; thus, the protections of due process under the Fourteenth Amendment are not implicated. *See Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (a

Missouri inmate does not have a constitutionally protected liberty interest in the possibility of parole). Finally, because plaintiff is attacking the validity of his continued confinement, his claim can only be properly pursued through a federal habeas action after exhausting state remedies. *Id.* at 644-45.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $255.00 appellate filing fee, regardless of the outcome of the appeal. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On June 8, 2005, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $250.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $250.00 filing fee if he filed another pleading in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $6.00.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $6.00 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $250.00 filing fee is paid in full. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: August 4, 2005
Jefferson City, Missouri